UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREN STROBLE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART,<br><br>    Defendant. | NO.<br><br>(THURSTON COUNTY SUPERIOR COURT CAUSE NO. 21-2-01201-34)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:         CLERK OF THE COURT;

AND TO:   PLAINTIFF'S COUNSEL OF RECORD

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Thurston County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1. Underlying Incident

Plaintiff LAUREN STROBLE ("Plaintiff") alleges that she slipped and fell in the dressing room while trying on a pair of pants at the Walmart Supercenter in Lacey, Washington, on May 9, 2019. *See* Declaration of Eddy Silverman, attached hereto as **Exhibit A**; *see also* Summons and Complaint, attached hereto as **Exhibit B**.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

2. <u>Relevant Procedural Facts</u>

Plaintiff filed a Complaint in the Superior Court of Washington for Thurston County on July 6, 2021. *See* Ex. B.

Walmart served an RCW 4.28.360 Request for Statement of Damages to Plaintiff on July 15, 2021, and received Plaintiff's Response to this request on July 30, 2021, indicating damages of $77,241.85. A copy of that response is attached hereto as **Exhibit C**.

### III. <u>STATEMENT OF ISSUE</u>

Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is $77,241.85 exclusive of interest and costs according to Plaintiff's response to Walmart's RCW 4.28.360 Request for Statement of Damages.

### IV. <u>EVIDENCE RELIED UPON</u>

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

### V. <u>ARGUMENT</u>

A. <u>This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed by Plaintiff In Yakima County Superior Court</u>

The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3) where removal is timely. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446.  There are, generally speaking, two viable "removal periods."  *See Harris*, 425 F.3d at 694.  [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable. *See id.*  ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can ascertained…that removal is proper.") (citations omitted).

In this case, (1) diversity between the parties is evident on the face of the Complaint; (2) the fact that the amount in controversy exceeds the sum or value of $77,241.85 exclusive of interest and costs was not evident on the face of the Complaint, but *is now* evident from Plaintiff's Response to Walmart's Request for Statement of Damages ("response"); and (3) insofar as Walmart is filing this Notice of Removal within 30 days of service of receiving the aforementioned response, Walmart's Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

1. <u>There Is Diversity Between The Parties</u>

Per the Complaint, Plaintiff is residing in the State of Washington.  *See* Ex. B at ¶1.  Thus, Plaintiff is "a citizen of" Washington State.  Walmart Inc. is (a) incorporated in Delaware and (b) its principal place of business is in Arkansas.  Thus, Walmart is "a citizen of" either Delaware or Arkansas, but <u>not</u> Washington State.  *Accord* 28 U.S.C. § 1332(c)(1).  Based on the foregoing, there is diversity between these parties as described in 28 U.S.C. § 1332(a)(1).

///

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

2. <u>The Amount In Controversy Exceeds The Sum Or Value Of $75,000</u>

Per Plaintiff's response to Walmart's Request for Statement of Damages, the amount in controversy in this matter is in excess of $77,241.85. *See* Ex. C.

3. <u>Walmart's Notice Of Removal Is Timely</u>

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's response to Walmart's RCW 4.28.360 Request for Statement of Damages constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable. As this Notice is being filed within 30 days of receipt of that response/"other paper", this Notice is timely.

B. <u>Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal</u>

1. <u>This Notice And Accompanying Documents Satisfy LCR 101</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

(1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

(2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

(3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies. LCR 101(c).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

1     Walmart has filed and/or otherwise provided true and complete copies of all of the
2 above referenced documents as required under local rules, including copies of all records and
3 proceedings filed in the state court case removed by virtue of this petition.  These
4 documents/exhibits constitute and contain the entirety of the records and proceedings filed in
5 Thurston County Superior Court as of the date of filing this Notice. True and complete copies
6 of all of these pleadings, records, and documents are also attached hereto as **Exhibit D**.

7     2. Both The Federal And State Courts Are On Properly Notice Of This Removal Action

8     This Notice is properly filed in the United States District Court for the Western District
9 of Washington at Tacoma because this Court embraces Thurston County, the county in which
10 Plaintiff originally filed.  *See* 28 U.S.C. §§ 128(b) and 1441(a).

11     Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk
12 of the Thurston County Superior Court, and is also serving a copy of this Notice on counsel of
13 record in the state court action.

14 VI. CONCLUSION

15     Walmart hereby removes this case from the Thurston County Superior Court to the
16 United States District Court for the Western District of Washington at Tacoma pursuant to 28
17 U.S.C. §§ 1332, 1441, and 1446.  By removing, Walmart does not waive any defenses,
18 including but not limited to lack of personal jurisdiction, insufficiency of process, or
19 insufficiency of service of process.

20

21

22 \\\

23 \\\

24 \\\

25 \\\

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

1  DATED this 27th day of August, 2021.

2

3                                                     WILLIAMS, KASTNER & GIBBS PLLC

4

5                                                     <u>By:  s/Rodney L. Umberger</u>
                                                       Rodney L. Umberger, WSBA No. 24948

6                                                     <u>By:  s/Eddy Silverman</u>
                                                       Eddy Silverman, WSBA No. 53494

7

8                                                     Two Union Square
                                                      601 Union Street, Suite 4100
                                                      Seattle, WA 98101-2380
9                                                     Phone:  206.628.6600
                                                      Fax:      206.628.6611
10                                                    Email:   rumberger@williamskastner.com
                                                                esilverman@williamskastner.com
11
                                                      **Counsel for Defendant Walmart Inc.**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| JOHNSON & CYR LAW, PLLC<br><br>Myles J. Johnson, WSBA #47642<br>16400 Southcenter Pkwy Ste 402<br>Tukwila, WA 98188<br>Tel: (253) 888-5993<br>Email: johnsonmylesj@gmail.com<br><br>*Counsel for Plaintiff* | ☒  ECF |

Signed at Lynnwood, Washington this 27th day of August, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

*s/Catherine Berry*
Catherine Berry, Legal Assistant
cberry@williamskastner.com

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7439121.1