UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAUREN STROBLE,

                              Plaintiff,

        v.

WALMART,

                              Defendant.

CASE NO. 3:21-cv-05627-DGE

ORDER GRANTING IN PART THE STIPULATED MOTION TO EXTEND DEADLINES (DKT. NO. 54)

Before the Court is the Parties' stipulated motion to modify the scheduling order to extend the discovery deadline and the dispositive motion deadline.  (Dkt. No. 54.)

Plaintiff filed this lawsuit on July 6, 2021 in Thurston County Superior Court (Dkt. No. 1-3) and Defendant removed to federal court on August 27, 2021 based on diversity (Dkt. No. 1), kicking off what has become a slow-moving case involving several status hearings, reset trial dates, and a change in counsel for Plaintiff.  On April 26, 2023, the undersigned granted Defendant's motion to dismiss and denied Plaintiff leave to amend her complaint.  (Dkt. No. 37.) That decision made its way to the Ninth Circuit, which on April 15, 2024, affirmed the Court's

ORDER GRANTING IN PART THE STIPULATED MOTION TO EXTEND DEADLINES (DKT. NO.  54) - 1

dismissal of Plaintiff's complaint but reversed the denial of leave to amend. (Dkt. No. 41.) The mandate issued on May 7, 2024. (Dkt. No. 42.) On May 14, 2025, the Court granted Plaintiff's motion to reopen the case and ordered her to serve her amended complaint no later than May 23, 2025. (Dkt. No. 46.) The Court then held a scheduling conference on July 16, 2025, setting the trial and pretrial deadlines for this case. (Dkt. Nos. 52, 53.) The scheduling order placed the discovery deadline on May 13, 2026, and the dispositive motion deadline on June 8, 2026. (Dkt. No. 53.) Now, on May 8, 2026, the Parties move jointly to modify the scheduling order to extend both the discovery deadline and the dispositive motion deadline by 30 days. (Dkt. No. 54 at 1.) The Parties state there is good cause for the extension. The Court disagrees.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order can be modified for good cause. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).

Here, assuming the scheduling order was followed, Plaintiff's expert opinions were disclosed on February 27, 2026. Counsel then waited until March 17, 2026 to request the expert's availability for deposition. Further communication regarding the deposition did not occur until early May, over a month and a half after the March 17 request.

Defense has the expert's disclosure and presumably the expert's file. While the deposition of the expert likely would be beneficial, it is not necessary to understand the expert's opinions. And although the Parties frame the circumstances as providing a "built-in 'cushion' for the Parties to use" between the current discovery cutoff and the trial date, the purpose of the deadlines in the scheduling order is to ensure the Court has time to rule on dispositive motions before the trial date while juggling the rest of its docket. It is not intended to give the Parties

ORDER GRANTING IN PART THE STIPULATED MOTION TO EXTEND DEADLINES (DKT. NO. 54) - 2

carte blanche to continue discovery past the cutoff when they have not demonstrated diligence before the deadline.  The Court has already informed the Parties of its expectations regarding deadlines (and its reluctance to grant extensions) at two scheduling hearings since this case's inception.  (*See* Dkt. Nos. 33, 52.)

Notwithstanding, the Court will GRANT an extension of the discovery cutoff for the ***sole*** purpose of completing the deposition of Plaintiff's liability expert (Levi Dixon) on May 29, 2026.  No other new discovery may be conducted past the May 13 discovery deadline.  No other extensions are granted; the dispositive motions deadline and all other pretrial dates identified in the July 16, 2025 scheduling order (*see* Dkt. No. 53) remain in place.

Dated this 11th day of May 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART THE STIPULATED MOTION TO EXTEND DEADLINES (DKT. NO.  54) - 3